Jennifer C. Alexander, ABA #9511058
Matthew C. Widmer, ABA #0605029
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
jalexander@bhb.com
mwidmer@bhb.com
Telephone 907.276.1550
Facsimile 907.276.3680

Attorneys for Defendants DEBBE LANCASTER, in her individual and official capacity as Yukon Flats School District Superintendent; and YUKON FLATS SCHOOL DISTRICT BOARD OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CATHERINA LAAN,<br><br>    Plaintiff,<br><br>vs.<br><br>DEBBE LANCASTER, in her individual and official capacity as Yukon Flats School District Superintendent; and YUKON FLATS SCHOOL DISTRICT BOARD OF EDUCATION,<br><br>    Defendants. | Case No.: 4:22-cv-00072-JMK |

## ANSWER TO COMPLAINT FOR DAMAGES

Defendants, Debbe Lancaster and Yukon Flats School District Board of Education, through undersigned counsel, answer Plaintiff's Complaint for damages as follows:

LAAN V YUKON FLATS SCHOOL DISTRICT
ANSWER TO COMPLAINT FOR DAMAGES
01299269.DOCX

CASE NO. 4:22-CV-00072-JMK
PAGE 1 OF 11

Case 4:22-cv-00072-SLG   Document 6   Filed 01/30/23   Page 1 of 11

## I. JURISDICTION AND VENUE

1.1 Admit.

1.2 Admit.

1.3 Admit.

1.4 Admit.

## II. FACTUAL ALLEGATIONS

2.1 On information and belief, Defendants admit the allegations in this paragraph.

2.2 Admit that Yukon Flats School District ("YFSD") issued its American Rescue Plan Act Mitigation Plan. To the extent this allegation requests an interpretation of the document, the document speaks for itself.

2.3 To the extent this allegation requests an interpretation of the document, the document speaks for itself.

2.4 Defendants deny that Plaintiff followed all safety and health protocols. Defendants are without sufficient information to admit or deny the remaining allegations contained in this paragraph and deny the same.

2.5 Admit as to the first sentence contained in this paragraph and as to the allegation that Plaintiff refused to get the Covid shot. Deny that Plaintiff objected to the vaccine because of sincerely-held religious beliefs or due to a medical necessity.

LAAN V YUKON FLATS SCHOOL DISTRICT
ANSWER TO COMPLAINT FOR DAMAGES
01299269.DOCX

CASE NO. 4:22-CV-00072-JMK
PAGE 2 OF 11

Case 4:22-cv-00072-SLG   Document 6   Filed 01/30/23   Page 2 of 11

2.6     Admit as to the first sentence that Plaintiff did not share her vaccination status when the school year began. Defendants deny the remaining allegations contained in this paragraph.

2.7     To the extent this allegation requests an interpretation of the document, the document speaks for itself.

2.8     Admit that Superintendent Lancaster sent an email to all teachers and employees, stating that all district employees needed to be vaccinated by October 19, 2021. Deny that the YFSD Board violated the Open Meetings Act.

2.9     To the extent this allegation requests an interpretation of a document, the document speaks for itself. Defendants admit that the email was sent to YFSD employees; Defendants deny the remaining allegations in this paragraph.

2.10    On information and belief, Defendants deny the allegations contained in this paragraph.

2.11    Defendants admit that Plaintiff raised objections to the vaccine. Defendants deny that any raised objections were religious in nature or that any religious objections were sincerely held.

2.12    Defendants admit that Plaintiff submitted a note from a doctor. Defendants are without sufficient information to admit or deny the remaining allegations contained in this paragraph and deny the same.

2.13    On information and belief, Defendants deny the allegations contained in this paragraph.

LAAN V YUKON FLATS SCHOOL DISTRICT                                    CASE NO. 4:22-CV-00072-JMK
ANSWER TO COMPLAINT FOR DAMAGES                                       PAGE 3 OF 11
01299269.DOCX

Case 4:22-cv-00072-SLG     Document 6     Filed 01/30/23     Page 3 of 11

2.14 Defendants admit that Plaintiff was informed that the note from her physician was insufficient for requesting a medical exemption and asked Plaintiff to provide additional information, which Plaintiff refused to do.

2.13 Defendants admit that Plaintiff was placed on administrative leave and that another YFSD Board meeting was held on October 21, 2021. Defendants deny the remaining allegations contained in this paragraph.

2.14 Defendants admit that Plaintiff was placed on administrative leave and that she requested a religious exemption from the vaccine. Defendants deny the remaining allegations contained in this paragraph.

2.15 To the extent this allegation requests the interpretation of a document, the document speaks for itself. On information and belief, Defendants deny that Plaintiff had requested a religious exemption by November 9, 2021, as that request was only submitted on November 10, 2021, by Plaintiff's attorney.

2.16 Defendants admit that a determination was made that Plaintiff's religious beliefs were not sincerely held. Defendants deny the implication that Plaintiff was not presented an opportunity to be heard on her religious exemption request. Plaintiff was provided such an opportunity at a conference on November 12, 2021, and again at the pretermination hearing on November 22, 2021.

2.17 Defendants admit that Plaintiff provided a detailed response explaining her position on her religious concerns about the vaccine. Defendants also admit that no reply was provided to Plaintiff's response prior to the pretermination hearing.

LAAN V YUKON FLATS SCHOOL DISTRICT
ANSWER TO COMPLAINT FOR DAMAGES
01299269.DOCX

CASE NO. 4:22-CV-00072-JMK
PAGE 4 OF 11

Case 4:22-cv-00072-SLG   Document 6   Filed 01/30/23   Page 4 of 11

2.18 To the extent that this allegation requests the interpretation of a document, the document speaks for itself. Defendants deny that Plaintiff was tenured.

2.19 On information and belief, Defendants admit that Plaintiff relocated herself and her family to obtain employment in another school district. Defendants lack the information necessary to admit or deny the remaining allegations contained in this paragraph and, on that basis, deny the same.

2.20 Denied.

2.21 Denied.

### III. CLAIM FOR RELIEF

**A. VIOLATION OF 42 USC 1983: FOURTHEENTH AMENDMENT PROCEDURAL DUE PROCESS VIOLATION BY YUKON FLATS SCHOOL DISTRICT SCHOOL BOARD.**

3.1 Defendants incorporate all of their responses contained in paragraphs 2.1 through 2.21.

3.2 On information and belief, Defendants admit the allegations in this paragraph.

3.3 Admit.

3.4 Admit.

3.5 Defendants admit that YFSD had a Mitigation Plan on place, as of June 21, 2021. To the extent this paragraph seeks an interpretation of a document, the document speaks for itself. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph and deny the same.

LAAN V YUKON FLATS SCHOOL DISTRICT  
ANSWER TO COMPLAINT FOR DAMAGES  
01299269.DOCX  
CASE NO. 4:22-CV-00072-JMK  
PAGE 5 OF 11

Case 4:22-cv-00072-SLG    Document 6    Filed 01/30/23    Page 5 of 11

3.6     Defendants deny that Plaintiff complied with all safety and health protocols required for her classroom. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph and deny the same.

3.7     To the extent this paragraph seeks the interpretation of a document, the document speaks for itself.

3.8     Denied.

3.9     Denied.

3.10    Denied.

3.11    Denied.

3.12    Denied.

3.13    This paragraph does not require a response from Defendants.

**B.   VIOLATION OF 42 U.S.C. 1983: FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS VIOLATION BY SUPERINTENDENT DEBBE LANCASTER.**

3.14    Defendants incorporate all of their responses contained in paragraphs 2.1 through 3.13.

3.15    Denied.

3.16    To the extent this allegation requests an interpretation of a document, the document speaks for itself.

3.17    Defendants admit that Plaintiff was told that failure to adhere to the policy could result in termination. Defendants are without sufficient information to

LAAN V YUKON FLATS SCHOOL DISTRICT                                              CASE NO. 4:22-CV-00072-JMK
ANSWER TO COMPLAINT FOR DAMAGES                                                 PAGE 6 OF 11
01299269.DOCX

Case 4:22-cv-00072-SLG     Document 6     Filed 01/30/23     Page 6 of 11

admit or deny the remaining allegations contained in this paragraph and therefore deny the same.

3.18   Defendants admit that Plaintiff did not submit a vaccination card as of October 20, 2021.  To the extent this allegation requests an interpretation of a document, the document speaks for itself.

3.19   Defendants admit that Plaintiff was placed on paid administrative leave. Defendants are without sufficient information to admit or deny the remaining allegations contained in this paragraph and therefore deny the same.

3.20   To the extent this allegation requests an interpretation of a document, the document speaks for itself.

3.21   Defendants admit that Plaintiff eventually requested a religious exemption from the vaccine. Defendants deny the remaining allegations contained in this paragraph.

3.22   Defendants admit that Plaintiff raised a number of concerns with the vaccine. Defendants deny that these concerns were based on sincerely-held religious beliefs, had a factual basis, or that the requested accommodation was a reasonable substitute to obtaining a vaccine.

3.23   Defendants admit that a determination was made that Plaintiff's religious beliefs were not sincerely held. Defendants deny the implication that Plaintiff was not presented an opportunity to be heard on her religious exemption request. Plaintiff was provided such an opportunity at a conference on November 12, 2021, and again at the pretermination hearing on November 22, 2021.

LAAN V YUKON FLATS SCHOOL DISTRICT
ANSWER TO COMPLAINT FOR DAMAGES
01299269.DOCX

CASE NO. 4:22-CV-00072-JMK
PAGE 7 OF 11

Case 4:22-cv-00072-SLG   Document 6   Filed 01/30/23   Page 7 of 11

3.24 Defendants admit that Plaintiff's predetermination hearing was scheduled for November 22, 2021. Defendants also admit that Plaintiff submitted a request for reconsideration of her religious accommodation request. Defendants deny the remaining allegations contained in this paragraph.

3.25 Admit.

3.26 To the extent this allegation requests an interpretation of a document, the document speaks for itself.

3.27 Defendants admit that Dr. Lancaster acted in her official capacity as the final administrative decision maker within YFSD when Plaintiff's employment was terminated.

3.28 Denied.

3.29 This paragraph does not require a response from Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint and each purported count contained therein fail to state facts sufficient to constitute valid claims against Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Mitigation of Damages)

Each and every purported claim or cause of action in the Complaint is barred in whole or in part because Plaintiff failed to exercise reasonable care and diligence in mitigating her alleged damages, if any, despite having a legal duty to do so.

LAAN V YUKON FLATS SCHOOL DISTRICT
ANSWER TO COMPLAINT FOR DAMAGES
01299269.DOCX

CASE NO. 4:22-CV-00072-JMK
PAGE 8 OF 11

Case 4:22-cv-00072-SLG   Document 6   Filed 01/30/23   Page 8 of 11

## THIRD AFFIRMATIVE DEFENSE
### (No Causation)

If any loss, injury, damage, or detriment occurred as alleged by Plaintiff, which Defendants deny, such loss, injury, damage, or detriment, if any, was not proximately caused by any alleged act and/or omission on the part of Defendants or, in the ordinary course of things, likely to result from any alleged act and/or omission on the part of Defendants.

## FOURTH AFFIRMATIVE DEFENSE
### (Other Fault)

If any loss, injury, damage, or detriment occurred as alleged by Plaintiff, which Defendants deny, such loss, injury, damage, or detriment, if any, was caused or contributed to, either in whole or in part, by the negligence, gross negligence, willful misconduct, and/or other conduct or legal fault of Plaintiff and, as such, Plaintiff is barred, either in whole or in part, from obtaining any recovery or relief from Defendants.

## FIFTH AFFIRMATIVE DEFENSE
### (Unreasonable Accommodations)

To the extent Plaintiff is found to have a sincerely-held religious belief that prevented her from obtaining the COVID vaccine, the requested accommodations were not reasonable under the circumstances.

## SIXTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

Certain additional affirmative defenses to the entire Complaint, or to one or more of the causes of action therein, may be available to Defendants. However,

LAAN V YUKON FLATS SCHOOL DISTRICT  
ANSWER TO COMPLAINT FOR DAMAGES  
01299269.DOCX  
CASE NO. 4:22-CV-00072-JMK  
PAGE 9 OF 11

Case 4:22-cv-00072-SLG   Document 6   Filed 01/30/23   Page 9 of 11

these additional affirmative defenses require discovery before they can be properly alleged. Defendants reserve the right to assert such other and further affirmative defenses as may come to light during discovery, motion practice, and/or trial preparation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants hereby pray for the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff takes nothing from Defendants;

3. That Defendants be awarded their costs and attorneys' fees incurred in defending this action; and

4. For such other and further relief as this Court deems just and equitable.

DATED this 30th day of January, 2023.

>BIRCH HORTON BITTNER & CHEROT
>Attorneys for Defendants DEBBE LANCASTER, in her individual and official capacity as Yukon Flats School District Superintendent; and YUKON FLATS SCHOOL DISTRICT BOARD OF EDUCATION
>
>By: / s / Matthew C. Widmer
>Jennifer C. Alexander, ABA #9511058
>Matthew C. Widmer, ABA #0605029
>510 L Street, Suite 700
>Anchorage, Alaska 99501
>Telephone: 907.276.1550
>Facsimile: 907.276.3680
>Email: jalexander@bhb.com
>mwidmer@bhb.com

LAAN V YUKON FLATS SCHOOL DISTRICT
ANSWER TO COMPLAINT FOR DAMAGES
01299269.DOCX

CASE NO. 4:22-CV-00072-JMK
PAGE 10 OF 11

Case 4:22-cv-00072-SLG   Document 6   Filed 01/30/23   Page 10 of 11

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of January, 2023, a true and correct copy of the foregoing **Answer to Complaint (11 pp)** was served on the following via the Court's CM/ECF electronic delivery system:

Isaac D. Zorea
Law Office of Isaac Derek Zorea
eyedz@gci.net

BIRCH HORTON BITTNER & CHEROT

By: /s/ Matthew C. Widmer

LAAN V YUKON FLATS SCHOOL DISTRICT
ANSWER TO COMPLAINT FOR DAMAGES
01299269.DOCX

CASE NO. 4:22-CV-00072-JMK
PAGE 11 OF 11

Case 4:22-cv-00072-SLG   Document 6   Filed 01/30/23   Page 11 of 11